UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

AARON D. TROUTT, )
)
    Plaintiff, )
)
v. ) No.: 4:10-cv-81
) *Judge Mattice*
)
STEVE GRAVES and )
PAM FREEMAN, )
)
    Defendants. )

## MEMORANDUM

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. The matter is before the court on the defendants' motion for summary judgment. Plaintiff has not filed a response to the motion for summary judgment and the court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the defendants' motion for summary judgment will be **GRANTED**, and all other pending motions will be **DENIED** as **MOOT**. This action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

I. <u>Standard of Review</u>

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotations marks omitted). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

2

Case 4:10-cv-00081-HSM-SKL   Document 33   Filed 03/06/12   Page 2 of 5   PageID #: 184

II. Factual Background

Plaintiff is an inmate in the Franklin County Jail. He brought this action during his confinement in the Coffee County Jail. The defendants are Coffee County Sheriff Steve Graves and Jail Administrator Pam Freeman. Plaintiff refers to numerous conditions of confinement in the Coffee County Jail that he alleges violate his constitutional right against cruel and unusual punishment. The defendants contend they are entitled to judgment as a matter of law on numerous grounds, including plaintiff's failure to exhaust his administrative remedies prior to filing the complaint.

III. Discussion

Pursuant to the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. §1983, he must exhaust all available administrative remedies. 42 U.S.C. § 1997e. "There is no question that exhaustion is mandatory under the PRLA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (abrogating the Sixth Circuit's rule that plaintiffs must plead administrative exhaustion and holding that failure to exhaust administrative remedies is an affirmative defense to be established by defendants). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 584 U.S. 81, 93 (2006). This means the prisoner plaintiff must have completed "the administrative review process in accordance with the

applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88.

Plaintiff's complaint was filed in the United States District Court for the Middle District of Tennessee on November 17, 2010, and transferred to this court. Plaintiff stated in the complaint that his claims had been presented to the defendants through the jail grievance procedure. [Court File No. 1, Complaint, p. 3]. He did not, however, attach copies of the grievances. In their answer filed January 17, 2011, the defendants raised the defense of plaintiff's failure to exhaust his remedies, among other defenses. [Court File No. 12, pp. 2-3].

Subsequently, in a supplement to his complaint, plaintiff provided the court with copies of numerous grievances he filed with the Coffee County Jail, detailing his various complaints about the conditions of his confinement. [Court File No. 21, Supplement, pp. 1-27]. With the exception of one grievance, however, all the grievances are dated after the filing date of the complaint in this action. And with respect to the exception, although the grievance was filed on November 15, 2010, the response was dated November 17, 2010, which was the date the complaint was filed. [*Id*. at 14]. Thus, the grievance procedure in that case was not completed prior to the complaint being filed.

Based upon the record, plaintiff did not pursue and exhaust his administrative remedies prior to filing his complaint, and his complaint is subject to dismissal for failure to exhaust. Accordingly, the defendants' motion for summary judgment will be **GRANTED** on that basis.

4

IV. Conclusion

The defendants' motion for summary judgment will be **GRANTED** and this action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. All other pending motions will be **DENIED** as **MOOT**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

           */s/Harry S. Mattice, Jr.*
           HARRY S. MATTICE, JR.
           UNITED STATES DISTRICT JUDGE